IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV451

| | |
|---|---|
| FRANCINE RICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| STERN & ASSOCIATES, P.A., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court upon Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint. The *pro se* Plaintiff has filed a response in opposition to the Defendant's motion.

Plaintiff's Complaint alleges that the Defendant, a debt collector and furnisher of information to consumer reporting agencies, has violated the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). Defendant seeks to dismiss the FCRA claim and the UDTPA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

In order to survive a motion to dismiss for failure to state a claim, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts must liberally construe *pro se* complaints, the court cannot assume the role of advocate for the plaintiff and cannot develop claims that the plaintiff failed to clearly raise.

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even if a plaintiff is *pro se*, she is still required to "'allege facts sufficient to state all the elements of [the] claim.'" *Bullock v. Spherion*, No. 3:10cv465, 2011 U.S. Dist. LEXIS 52526 *9 (W.D.N.C. May 16, 2011) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Defendant seeks to dismiss Count II, Plaintiff's FCRA claim, because she fails to plead the requisite facts to trigger a private right of action pursuant to 15 U.S.C. § 1681s-2(b). Plaintiff alleges Stern is a furnisher of credit information pursuant to the FCRA. Compl. ¶ 7. Pursuant to the FCRA's statutory scheme, the obligations of data furnishers are set forth in 15 U.S.C. § 1681s–2. Accordingly, Congress only authorizes a consumer to bring a private action against a data furnisher for alleged violations of the enumerated duties in § 1681s–2. *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782 (W.D. Ky. 2003). As Stern's duties pursuant to the FCRA are limited to § 1681s-2, Plaintiff's claims pursuant to §§ 1681b, 1681c, and 1681i must be dismissed.

The FCRA provides that upon receiving a dispute of accuracy from a credit reporting agency ("CRA"), a data furnisher is obligated to conduct a reasonable investigation of the dispute, report its results to the credit reporting agency, and modify or delete incorrect information. *See* 15 U.S.C. § 1681s–2(b). "Courts have consistently held that for the duty imposed by § 1681s–2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from a consumer." *White v. Fannie Mae*, No. CIV.A. 1:13-29923, 2014 WL 5442970, at *6 (S.D.W. Va. Oct. 24, 2014) (quoting *Peasley v. Version Wireless LLC*, 364 F.Supp.2d 1198, 1200 (S.D. Cal. 2005); *Mavilla v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 208 (4th Cir. 2013).

Only after this notice requirement is met would Plaintiff have standing to bring a claim under § 1681s–2(b) against a data furnisher that allegedly failed to make a reasonable investigation. *Beattie v. Nations Credit Fin. Services Corp.*, 65 Fed. Appx. 893, 899 (4th Cir. 2003) (citing *Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 502 (W.D. Tenn. 1999) ("…statutorily created obligation imposed on a furnisher of information is owed only to the consumer reporting agency and not to the consumer, and an individual such as plaintiff cannot state a claim under 15 U.S.C. § 1681s–2(b)")).

Where a plaintiff does not allege that she notified any CRA of her dispute regarding the alleged inaccurate information nor allege that the defendant data furnisher was notified by a CRA that the information was in dispute, and merely contends that she notified the defendant data furnisher directly of the dispute, such allegations are insufficient to state a claim under the FCRA. *See White*, 2014 WL 5442970, at *6. Count II of Plaintiff's Complaint does not allege the requisite facts that Plaintiff submitted a dispute directly to any CRA or that Stern received notice of any dispute from a CRA. The missing elements in the pleading (which are a pre-requisite to any private right of action) are a clear bar to a claim under § 1681s-2(b). Therefore, the Complaint fails to trigger any private right of action pursuant to the FCRA § 1681s-2(b), and Count II is dismissed pursuant to Rule 12(b)(6).

Defendant also seeks to dismiss Count III of the Complaint alleging a violation of the UDTPA. Plaintiff claims that Stern furnished inaccurate data to the CRAs, and by doing so, violated the UTPA, which prohibits "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. § 75–1.1(a). However, the FCRA's express preemption provision,

15 U.S.C. § 1681t(b)(1)(F), preempts this state law claim, regardless of its underlying merits.[1] *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010).

In *Ross v. FDIC*, the Fourth Circuit held the plaintiff's NCUTPA claim under § 75–1.1 ran "into the teeth of the FCRA preemption provision" because the claim concerned the defendant's reporting of inaccurate credit information to the CRAs. *Ross*, 625 F.3d at 813. The court found the plaintiff's NCUTPA claim sought to use § 75–1.1 as a requirement or prohibition under North Carolina law over subject matter regulated in great detail by FCRA § 1681s–2, and therefore the NCUTPA claim was "squarely preempted by the plain language of the FCRA." *Id*.

Here, Plaintiff asserts that Stern's action of furnishing data to the CRAs regarding her outstanding accounts was debt collection activity that allegedly violated the UDTPA. (Compl. ¶¶ 8 and 36.) Plaintiff's UDTPA claim is preempted by the FCRA and must be dismissed pursuant to Rule 12(b)(6).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Counts II and III of the Complaint is hereby GRANTED; and

IT IS FURTHER ORDERED that Defendant's Motion to Stay the Timeframe to Answer Count I is hereby GRANTED *NUNC PRO TUNC*.

Signed: August 24, 2016

Graham C. Mullen
United States District Judge

---

[1] Congress amended the FCRA with the Consumer Credit Reporting Reform Act of 1996 ("CCRRA") which added a strong preemption provision:
> No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under ... (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies....

15 U.S.C. § 1681t(b)(1)(F).